Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
HUMBERTO CHACON, individually and on behalf of all others similarly situated,

                         Plaintiffs,

   -against-

AMITY CAR WASH, INC. d/b/a AMITY CAR WASH AND DETAIL CENTER and CRAIG DELUCA, as an individual,

                         Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiffs, **HUMBERTO CHACON individually and on behalf of all others similarly situated,** (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

2. Plaintiffs, **HUMBERTO CHACON individually and on behalf of all others similarly situated,** through undersigned counsel, bring this action against **AMITY CAR WASH, INC. d/b/a AMITY CAR WASH AND DETAIL CENTER and CRAIG DELUCA, as an individual,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at AMITY CAR WASH, INC. d/b/a AMITY CAR WASH AND DETAIL CENTER, located at 25 Merrick Road, Amityville, NY 11701.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount

exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff HUMBERTO CHACON, residing at Hempstead, NY was employed from in or around August 2014 to July 2021 by Defendants at AMITY CAR WASH, INC. d/b/a AMITY CAR WASH AND DETAIL CENTER, located at 25 Merrick Road, Amityville, NY 11701.

9. Defendant, AMITY CAR WASH, INC. d/b/a AMITY CAR WASH AND DETAIL CENTER, is a corporation organized under the laws of New York.

10. Defendant, AMITY CAR WASH, INC. d/b/a AMITY CAR WASH AND DETAIL CENTER is a corporation authorized to do business under the laws of New York.

11. Upon information and belief, Defendant AMITY CAR WASH, INC. d/b/a AMITY CAR WASH AND DETAIL CENTER, is a corporation organized under the laws of New York with a principal executive office at 25 Merrick Road, Amityville, NY 11701.

12. Upon information and belief, Defendant CRAIG DELUCA owns and operates AMITY CAR WASH, INC. d/b/a AMITY CAR WASH AND DETAIL CENTER.

13. Upon information and belief, Defendant CRAIG DELUCA is an agent of AMITY CAR WASH, INC. d/b/a AMITY CAR WASH AND DETAIL CENTER.

14. Defendant CRAIG DELUCA has power over personnel decisions at AMITY CAR WASH, INC. d/b/a AMITY CAR WASH AND DETAIL CENTER.

15. Upon information and belief, Defendant CRAIG DELUCA has power over payroll decisions at AMITY CAR WASH, INC. d/b/a AMITY CAR WASH AND DETAIL CENTER

16. Defendant CRAIG DELUCA has the power to hire and fire employees, including the Plaintiff, at AMITY CAR WASH, INC. d/b/a AMITY CAR WASH AND DETAIL CENTER, establish and pay his wages, set work schedule, and maintains his employment records.

17. During all relevant times herein, Defendant CRAIG DELUCA was Plaintiff's employer within the meaning of the FLSA and NYLL.

18. On information and belief, AMITY CAR WASH, INC. d/b/a AMITY CAR WASH AND DETAIL CENTER, is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

19. Plaintiff HUMBERTO CHACON was employed from in or around August 2014 until in or around July 2021 by Defendants at AMITY CAR WASH, INC. d/b/a AMITY CAR WASH AND DETAIL CENTER.

20. At the time of the filing of this complaint, the relevant statutory period pursuant to the NYLL and FLSA is from in or around November 2015 until in or around through the present ("Relevant Statutory Period").

21. During Plaintiff HUMBERTO CHACON'S employment by Defendants at AMITY CAR WASH, INC. d/b/a AMITY CAR WASH AND DETAIL CENTER, Plaintiff's primary duties were as a car wash worker and car cleaner, while performing other miscellaneous duties.

22. During the Relevant Statutory Period, Plaintiff HUMBERTO CHACON was paid by Defendants:

    i.  approximately $8.50 per hour from in or around November 2015 until in or around December 2015;

    ii. approximately $9.50 per hour from in or around January 2016 until in or around December 2016;

    iii. approximately $10.50 per hour from in or around January 2017 until in or around December 2017;

    iv. approximately $11.50 per hour from in or around January 2018 until in or around December 2018;

    v. approximately $12.50 per hour from in or around January 2019 until in or around December 2019;

    vi. approximately $13.50 per hour from in or around January 2020 until in or around December 2020;

    vii. approximately $14.00 per hour from in or around January 2021 until in or around July 2021.

23. During the Relevant Statutory Period, Plaintiff worked approximately fifty (50) hours or more per week during his employment by Defendants.

24. Although Plaintiff HUMBERTO CHACON worked approximately fifty (50) hours or more per week during the Relevant Statutory Period, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

25. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

26. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

27. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are the collective class.

29. Collective Class: All persons who are or have been employed by the Defendants as car wash worker, car cleaners or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

30. Upon information and belief, Defendants employed between 20 to 30 employees within the past three years subjected to similar payment structures.

31. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

32. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work without receiving appropriate minimum wage rates.

33. Defendants' unlawful conduct has been widespread, repeated, and consistent.

34. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

35. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

36. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

37. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

38. The claims of Plaintiff are typical of the claims of the putative class.

39. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

40. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

41. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

42. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

43. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

44. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

45. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

46. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

47. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

48. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

49. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

50. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

51. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

52. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragrap88hs.

53. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

54. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

55. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

56. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

57. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

### PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs unpaid overtime wages;

c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiffs prejudgment and post-judgment interest;

e. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 8th day of November, 2021.

*Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HUMBERTO CHACON, individually and on behalf of all others similarly situated,

                Plaintiffs,

-against-

AMITY CAR WASH, INC. d/b/a AMITY CAR WASH AND DETAIL CENTER and CRAIG DELUCA, as an individual,

                Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**AMITY CAR WASH, INC.**
**d/b/a AMITY CAR WASH AND DETAIL CENTER**
25 Merrick Road,
Amityville, NY 11701

**CRAIG DELUCA**
25 Merrick Road,
Amityville, NY 11701