

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

---

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

July 8, 2022

**Via ECF**
The Honorable Judge Steven Tiscione
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

        Re: **Chacon, et al. v. Amity Car Wash, Inc., et al.**
           **21-CV-2601 (GRB)(ST)**

Dear Judge Tiscione:

    Our office represents the Plaintiffs in the above-referenced matter and we submit this letter motion to respectfully request a conference before the Court to address an issue that has arisen regarding the parties' settlement of the claims herein.

    This matter involves claims asserted under the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL") for, *inter alia*, unpaid overtime wages.

    This matter was referred to mediation by Court Order on March 16, 2022 [Dkt. No. 20] and the parties attended Court-annexed mediation on May 10, 2022 with all parties and counsel present. The parties reached a settlement at the mediation and executed a term sheet delineating all material terms of the settlement. Defendants insisted on preparing the settlement agreement.

    In light of the settlement, the Court issued an Order on May 11, 2022, stating that on or before June 10, 2022, the "Parties must file on ECF a joint motion for judicial approval of the proposed settlement that includes the proposed settlement agreement and a letter brief addressing the factors discussed in Cheeks v. Freeport Pancake House, Inc."

    In the weeks and months following the mediation, our office made **six** separate attempts to inquire as to the status of Defendants' draft of the settlement agreement, even offering to circulate an initial draft of the agreement to avoid further delay. However, despite these attempts and promises from Defendants' counsel each time that we would receive the draft shortly thereafter, we did not receive a draft of the agreement until June 30, 2022, over a month-and-a-half after the mediation was held.

    Earlier this week, our office began reviewing Defendants' draft only to realize that Defendants sent two separate settlement agreements: 1) an "FLSA Settlement Agreement," which

included all of the material terms agreed upon at mediation and included in the parties' signed term sheet, and 2) an "NYLL Settlement Agreement," a side agreement not to be submitted to the Court, which includes terms not agreed upon by the parties and terms that would not likely be approved by this Court, including a confidentiality provision regarding Plaintiffs' FLSA claims, ostensibly designed to circumvent *Cheeks*. When we advised that we would only agree to one settlement agreement containing all agreed-upon terms to be submitted to the Court for approval pursuant to *Cheeks* (as required by the above Order), Defendants indicated that they would no longer agree to the settlement.

As such, we request a conference before this Court to address and discuss: 1) Defendants' refusal to comply with the term sheet signed at mediation because of our office's refusal to agree on a "side agreement" not to be submitted to the Court; 2) Plaintiffs' anticipated motion to enforce the term sheet as signed at mediation as binding; and 3) Plaintiffs' anticipated motion to enter judgment against Defendants for the agreed-upon amount if they do not comply with the material terms of settlement as included in the executed term sheet.

Defendants have unilaterally delayed the settlement approval process in this matter and are now refusing to comply with the terms agreed upon at mediation. We believe that these issues should be addressed before the Court and we believe the individual Defendant should be present to understand the potential repercussions of not proceeding with a settlement agreement that complies with *Cheeks* as So Ordered by the Court on May 11, 2022.

We thank the Court for its consideration and remain available to provide any additional information.

                                                            Respectfully submitted,

                                                             *James O'Donnell*
                                                             James O'Donnell, Esq.