# Sage Legal LLC

18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc

June 21, 2024

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Gary R. Brown, U.S.D.J.
100 Federal Plaza
Courtroom 940
Central Islip, NY 11722

   *Re:*  <u>Chacon v. Amity Car Wash, *et ano.*</u>
      <u>Case No.: 2:21-cv-6201 (GRB) (ST)</u>

Dear Judge Brown:

  This firm is substituting in as counsel to the Defendants in the above-referenced case.[1] The parties have met-and-conferred, and have agreed upon the attached revised settlement agreement. The parties address the issues raised by the Court in its September 29, 2023 Order *seriatim* below.

1) The inconsistent monetary figures have been rectified;

2) The non-disparagement provision has been revised to reflect what other Judges in the Eastern District have previously approved (see, e.g., Arevalo v. Doe, No.: 1:22-cv-3149 (EK) (JRC) at ECF Docket Entries 19-1 (original rejected agreement) and 23-1 (revised accepted agreement) and Text Only Orders dated March 1, 2023 and June 6, 2023, respectively); and

3) Defendants respectfully submit that the mutual general release provision is permissible where, as here, the employees are no longer employed by the employer, the employer is no longer in business, and the employer provides a release mutually (see, e.g., Chun Lan Guan v. Long Is. Bus. Instute, Inc., No. 15-CIV.-2215 (CBA) (VMS), 2020 WL 1289517, at *3 (E.D.N.Y. Mar. 18, 2020) (Amon, J.) ("there is nothing inherently unfair about a release of claims in an FLSA settlement" and finding that the mutual releases of claims in the Settlement Agreements are fair and reasonable, and do not run afoul of the FLSA's purpose of preventing abuse by employers upon applying the Wolinsky factors); Burgos v. Northeast Logistics, Inc., No. 15-CIV.-6840 (CLP), 2018 WL 2376481, at *6 (E.D.N.Y. Apr. 26, 2018), report and recommendation adopted, No. 15-CIV.-6840 (CBA), 2018 WL 2376300 (E.D.N.Y. May 24, 2018) (finding that the release satisfies the two conditions under which some courts typically approve of mutual general releases, but requiring parties to revisit an aspect of the release which is asymmetrical in order to receive approval); see also Grullon v. Justin Pharmacy Inc., No. 1:20- CIV.-6122 (OTW), 2021 WL 76386, at *3

---

[1] A stipulation of substitution of counsel was sent to Defendants' previous counsel, Milman Labuda Law Group PLLC, which your undersigned expects to receive on Monday, June 24, 2024. Upon receipt of same, your undersigned will move this Court to substitute in as counsel for Defendants.

(S.D.N.Y. Jan. 8, 2021) (when the plaintiff is a former employee with no ongoing relationship with the employer, courts in this District have approved a general release, if the release is mutual) (citing Strauss v. Little Fish Corp., No. 1:19-CIV.-10158 (LJL), 2020 WL 4041511, at *5-6 (S.D.N.Y. July 17, 2020) ("Such a broad mutual general release operates as a walk away provision: it permits each side to terminate their relationship entirely free from fear that the other will re-engage in the form of a lawsuit") (citing cases)); Small v. Stellar Mgmt. Ltd., No. 1:20-CIV.-2540 (SDA), 2020 WL 7890748, at *1 (S.D.N.Y. Oct. 21, 2020) ("In the present case, the Court finds that mutual general releases are acceptable because Plaintiff no longer works for Defendant; Plaintiff was represented by experienced counsel; and the release, although it extends to individual and entities other than Defendants, does so only to the extent that such persons or entities are acting on behalf of or in privity with Defendants and to claims arising from their activities as such"); Souffrant v. 14-15 Mertens Place Corp., No. 19-CIV.-05482 (BCM), 2020 WL 1166231, at *3 (S.D.N.Y. Mar. 11, 2020) (approving agreement when modified to ensure releases extended only to those acting on behalf of or in privity with the parties and was limited to claims arising from actions taken in such capacities); Khan v. Young Adult Inst., Inc., No. 18-CIV.-2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) ("General releases are permissible in FLSA settlements where plaintiff is no longer employed by defendants, the releases were negotiated by competent counsel for both sides and the releases are mutual."); Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, No. 13-CIV.-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) ("[T]here is nothing inherently unfair about a release of claims in an FLSA settlement").

Based on the foregoing and the revised terms of the settlement agreement, the parties respectfully renew their joint letter motion for settlement approval. The parties are working on obtaining a fully executed copy of the revised settlement agreement, which will be submitted to the Court upon receipt of same.

Dated: Jamaica, New York
      June 21, 2024                      Respectfully submitted,

**SAGE LEGAL LLC**

  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

**VIA ECF**
All counsel of record