## SETTLEMENT AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between **HUMBERTO CHACON, CARLOS CHACON, JESUS NOE PORTILLO RAMIREZ, NIETO SANCHEZ, and DENNIS PRICE-CANAS** (hereinafter referred to as "Plaintiffs") and **AMITY CAR WASH, INC.** and **CRAIG DELUCA, as an individual,** (collectively hereinafter "Defendants"), regarding Plaintiffs' employment and the settlement of any and all wage-related claims that Plaintiffs have or may have against Defendants.

**WHEREAS,** Plaintiffs have commenced an action against Defendants in the Eastern District of New York, United States District Court, bearing Docket No.: **2:21-CV-6201 (GRB) (ST)** (the "Action") alleging wage and hour violations under the Federal Labor Standards Act and New York Labor Law.

**WHEREAS,** Defendants deny that they failed to pay Plaintiffs all wages owed to them;

**WHEREAS,** Defendants do not admit any violation of law or any liability to Plaintiffs;

**WHEREAS,** Plaintiffs and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiffs, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Payment**

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiffs and in consideration for Plaintiffs' execution of this Agreement, which includes a release, Defendants agree to the following payment terms:

a. **Within 30 days of Court approval of this Agreement,** Defendants shall cause Plaintiffs to be paid the gross sum of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00) inclusive of attorneys' fees and costs ("Settlement Funds"), payable as follows:

i. To Plaintiff **HUMBERTO CHACON,** the total amount of Thirteen Thousand Five Hundred Dollars and Zero Cents ($13,500.00), payable in the following manner:

i.a. One payroll check in the gross amount of Twelve Thousand Six Hundred Dollars and Zero Cents ($12,600.00), less applicable taxes and deductions, representing alleged unpaid overtime wages for which Plaintiff will be issued a Form W-2.

i.b. One certified, bank or attorney escrow check in the amount of Nine Hundred Dollars and Zero Cents ($900.00), representing alleged liquidated

1

damages and alleged statutory penalties, for which Plaintiff will be issued a Form 1099.

ii. To Plaintiff **CARLOS CHACON**, the total amount of Five Thousand Dollars and Zero Cents ($5,000.00), payable in the following manner:

ii.a. One payroll check in the gross amount of Four Thousand Six Hundred Sixty-Six Dollars and Sixty-Seven Cents ($4,666.67), less applicable taxes and deductions, representing alleged unpaid overtime wages for which Plaintiff will be issued a Form W-2.

ii.b. One certified, bank or attorney escrow check in the amount of Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($333.33), representing alleged liquidated damages and alleged statutory penalties, for which Plaintiff will be issued a Form 1099.

iii. To Plaintiff **JESUS NOE PORTILLO RAMIREZ**, the total amount of Three Thousand Five Hundred Sixteen Dollars and Zero Cents ($3,516.00), payable in the following manner:

iii.a. One payroll check in the gross amount of Three Thousand Two Hundred Eighty-One Dollars and Sixty Cents ($3,281.60), less applicable taxes and deductions, representing alleged unpaid overtime wages for which Plaintiff will be issued a Form W-2.

iii.b. One certified, bank or attorney escrow check in the amount of Two Hundred Thirty-Four Dollars and Forty Cents ($234.40), representing alleged liquidated damages and alleged statutory penalties, for which Plaintiff will be issued a Form 1099.

iv. To Plaintiff **NIETO SNACHEZ**, the total amount of Thirteen Thousand Five Hundred Dollars and Zero Cents ($13,500.00), payable in the following manner:

iv.a. One payroll check in the gross amount of Twelve Thousand Six Hundred Dollars and Zero Cents ($12,600.00), less applicable taxes and deductions, representing alleged unpaid overtime wages for which Plaintiff will be issued a Form W-2.

iv.b. One certified, bank or attorney escrow check in the amount of Nine Hundred Dollars and Zero Cents ($900.00), representing alleged liquidated damages and alleged statutory penalties, for which Plaintiff will be issued a Form 1099.

v. To Plaintiff **DENNIS PRICE-CANAS**, the total amount of Thirteen Thousand Five Hundred Dollars and Zero Cents ($13,500.00), payable in the following manner:

> v.a. One payroll check in the gross amount of Twelve Thousand Six Hundred Dollars and Zero Cents ($12,600.00), less applicable taxes and deductions, representing alleged unpaid overtime wages for which Plaintiff will be issued a Form W-2.

> v.b. One certified, bank or attorney escrow check in the amount of Nine Hundred Dollars and Zero Cents ($900.00), representing alleged liquidated damages and alleged statutory penalties, for which Plaintiff will be issued a Form 1099.

vi. One check in the amount of Twenty-Five Thousand Nine Hundred Eighty-Four Dollars and Zero Cents ($25,984.00), representing attorneys' fees and expenses, payable to Helen F. Dalton & Associates, P.C.

b.      The Settlement Funds will be provided to Helen F. Dalton & Associates, P.C., 80-02 Kew Gardens Road, Suite 601, Kew Gardens, New York 11415.

c.      Plaintiffs and their counsel each must submit executed IRS Form W-9s with a Taxpayer Identification Number from each Plaintiff and their counsel in order to receive the Settlement Payment, a copy of which may be submitted electronically together with Plaintiffs' executed counterpart of this Agreement. Plaintiffs must also submit executed IRS Form W-4s. At the time of execution of this Agreement, Plaintiffs' counsel shall provide Defendants' counsel with completed IRS Forms W-4 and W-9 for each Plaintiff and Plaintiffs' counsel, and the parties acknowledge and agree that each individual Plaintiff's payment listed in; Paragraph 1(a) shall not be made unless and until Plaintiffs' counsel has provided Defendants' counsel with a completed IRS Form W-9 for that individual Plaintiff. However, in the event that one or more Plaintiffs do not provide their completed IRS Form W-9(s) at the time of execution, it shall not delay the payments due the other Plaintiffs and Plaintiffs' counsel in accordance with this Agreement, except that Defendants shall make back-up withholdings in accordance with the law. For any Plaintiff who provides a completed IRS Form W-9 subsequent to the payment date, his payment shall be released to him within seven business (7) days of providing a completed IRS Form W-9.

d.      Plaintiffs agree and affirm that the Settlement Payment shall constitute the entire amount of monetary consideration, inclusive of attorneys' fees and costs, provided to him under this Agreement and that Plaintiffs will not seek any further compensation for any other claimed unpaid wages, wage supplements, injuries, damages, costs, or disbursements, in connection with any of the matters encompassed in this Agreement or any aspect of Plaintiffs' employment with Defendants.

e.      Upon receipt of the Settlement Payment, Plaintiffs each agree, affirm, and acknowledge that they each have been paid all wages and wage supplements and all other amounts owed to them relating to the claims brought in this Lawsuit, inclusive of attorneys' fees and costs.

f. Plaintiffs and their counsel will each be issued appropriate tax forms. Plaintiffs further agree that they each shall be responsible for payment of all personal taxes that may be due as a result of the Settlement Payment. Plaintiffs each understand and agree that no representation is made by or on behalf of the Defendants regarding tax obligations or consequences that may arise from this Agreement.

g. Further, Plaintiffs each agree to indemnify and hold harmless the Defendants from and against all liens, liabilities, interest and penalties that may be assessed against or incurred by them as a result of not deducting taxes or other withholdings or satisfying any liens or judgments against any Plaintiff on the Settlement Payment.

2.     **Stipulation of Dismissal**

The Plaintiff shall file a stipulation of dismissal with prejudice as to all claims brought against Defendants in this action within seven (7) days of receiving the full payment listed in Paragraph 1(a) i-vi. Notwithstanding the filing of the Stipulation of Dismissal, the parties agree that this Court, the United States District Court, Eastern District of New York, will retain jurisdiction over this matter in the event either party defaults with respect to their obligations under the Agreement and to enforce the terms of the Agreement.

3.     **Settlement of Claims**

Except as otherwise stated, upon execution of this Agreement, all claims brought under the Complaint (**EDNY Case No.: 21-CV-6201**) by Plaintiffs against Defendants, including claims for wages, liquidated damages, statutory penalties and attorneys' fees and without admission that Plaintiffs have established that any such claims have any merit or that Plaintiffs have incurred any damages, shall be deemed settled, satisfied and resolved.

4.     **Non-Admission**

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever and Plaintiffs expressly acknowledge that Defendants continue to deny any wrongdoing arising out of Plaintiffs' employment and separation thereof. This Agreement is entered into mutually in order to avoid the costs, uncertainty, and vexation of litigation. The terms set out in this Agreement are a compromise settlement of disputed claims, the validity, existence, or occurrence of which is expressly disputed by the Parties. This Agreement shall not be admissible evidence in any judicial, administrative, or legal proceedings for any reason except to enforce the terms of this Agreement.

5.     **Representations**

Plaintiffs understand and agree that they have been advised to consult with an attorney before signing this Agreement. Plaintiffs hereby represent, warrant, acknowledge, and affirm that: (i) neither of them has filed or permitted anyone to file on their respective behalves, any complaints, charges or claims for relief against the Defendants with any local, state or federal court or administrative agency other than the instant lawsuit; (ii) each of them has been paid and has

received all compensation, wages, overtime payments, wage supplements, bonuses, commissions, leave, paid and unpaid, paid time off and benefits to which they, respectively, may be due for any reason, except as provided in this Agreement; and (iii) that neither of them have any known workplace injuries or occupational diseases and has been provided and/or has not been denied any leave requested under the Family and Medical Leave Act. Plaintiffs and their counsel each further represent, warrant, acknowledge, and affirm as of the date of the full execution of this Agreement that they are not presently aware of and have not solicited, nor have been contacted by, any individuals to bring or threaten to bring any action for unpaid wages or otherwise against Defendants or any one of them, nor are they cooperating or assisting any attorney in any other putative lawsuit against Defendants or any one of them.

6.    **Release**

In consideration of the payments, benefits, agreements and other consideration to be provided by Defendants as described in the Agreement, Plaintiffs, their successors and assigns, **HEREBY RELEASE AND FOREVER DISCHARGE,** to the maximum extent permitted by law, Defendants, any insurers of Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns, and attorneys of and from all causes of action and claims which were alleged in the Complaint filed in the action, specifically including Fair Labor Standards Act and New York Labor Law, and its associated regulations concerning unpaid wages of any kind, including overtime wages, record-keeping violations and failure to provide proper wage statements or wage notices, which Plaintiffs now have or have ever had, as well as any other employment claims that Plaintiffs could have brought at the time they filed the complaint in the Action.

7.    **Attorneys' Fees**

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation.

8.    **Oral Modifications Prohibited**

This Agreement represents the entire agreement between Plaintiffs and Defendants with respect to Plaintiffs' employment with Defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

9.    **Enforcement of the Agreement**

This Agreement shall be governed by the laws of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

**10.    Effective Date**

This Agreement and Release shall become effective immediately upon Court approval.

**11.    Counterparts**

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

**12.    Severability**

The provisions of this Agreement are severable. If any provision of this Agreement is held invalid, the invalidity shall not affect other provisions or application of the Agreement that can be given effect without the invalid provision or application.

**13.    Non-Waiver**

No waiver of any breach of any term or provision of this Agreement shall be construed to be, or shall be, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the Party waiving the breach. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors, and permitted assigns.

**14.    Voluntary Agreement**

By signing in the space provided below, the Parties agree and affirm that:

a. They have been advised to and have carefully read and fully understand all of the provisions of this Agreement;

b. Plaintiffs were each given sufficient time to review, consider and execute this Agreement and have consulted with his attorney of choice before executing this Agreement;

c. This Agreement is legally binding, and by signing it, Plaintiffs understands that they are giving up certain rights, including their respective right to pursue certain claims, as identified in this Agreement, against the Releasees (inclusive of attorneys' fees and costs) from the beginning of time until the date of this Agreement;

d. No promise or representation of any kind or character has been made by the Defendants or by anyone acting on their behalf to induce Plaintiffs to enter into this Agreement, and Plaintiffs has not been forced or pressured in any way to sign this Agreement;

e. Through this Agreement, Plaintiffs is releasing all of the Releasees from certain claims, as identified in this Agreement, inclusive of attorneys' fees and costs, against the Releasees in exchange for the Settlement Payment described herein;

f. The Parties knowingly and voluntarily agree to all of the terms set forth in this Agreement, and intend to be legally bound by them.

6

**PLAINTIFF:**

**JESUS NOE PORTILLO RAMIREZ**

Date: _10-29-2024_

**STATE OF NEW YORK** )
                   ) ss.:
**COUNTY OF** _Queens._ )

On the 29 day of October , 2024 before me personally appeared **Jesus Noe Portillo Ramirez** personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

**NOTARY PUBLIC**

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20__

**PLAINTIFF:**

**NIETO SANCHEZ**

Date: _10-29-2024_ .

**STATE OF NEW YORK** )
                   ) ss.:
**COUNTY OF** _Queens_ )

On the 29 day of october, 2024 before me personally appeared **Nieto Sanchez** personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20__

8

**PLAINTIFF:**

*HUMBERTO CHACON*

**HUMBERTO CHACON**

Date: 10/29/24

**STATE OF NEW YORK**    )
                                          ) ss.:
**COUNTY OF** Queens    )

On the 29 day of October, 2024 before me personally appeared Humberto Chacon personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

**NOTARY PUBLIC**

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20 27

**PLAINTIFF:**

**CARLOS CHACON**

Date: 10-29-24

**STATE OF NEW YORK**    )
                                          ) ss.:
**COUNTY OF** Queens    )

On the 29 day of October, 2024 before me personally appeared Carlos Chacon personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

**NOTARY PUBLIC**

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20 27

7

**PLAINTIFF:**

DENNIS PRICE-CANAS

Date: 10-29-24

**STATE OF NEW YORK** )
                           ) ss.:
**COUNTY OF** Queens )

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20__

On the 29 day of October, 2024 before me personally appeared **Dennis Price-Canas** personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

**DEFENDANTS:**

**CRAIG DELUCA,** Agent Authorized to sign on behalf of **AMITY CAR WASH, INC.**

Date: 10/30/24

**CRAIG DELUCA, as an individual**

Date: 10/30/24

9